BRADLEY et al. v. DEGNON CONTRACTING CO. et al.

(Supreme Court, Appellate Division, Second Department. May 9, 1913.)

1. EMINENT DOMAIN (§ 116*)—USE OF HIGHWAY—RIGHTS OF ABUTTING OWNERS.

The Legislature may not grant to the Public Service Commission power to permit a contractor to construct a subway along a street to construct and operate a tramway in another street for the transportation of excavated material, without giving compensation to the abutting owners owning the fee of the street, for the use is an additional burden.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 301, 302; Dec. Dig. § 116.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EMINENT DOMAIN (§ 292*)—IMPROPER USE OF HIGHWAYS—TEMPORARY IN-
JUNCTION.
    Where serious damage to abutting owners owning the fee of a street
will likely result from the contemplated construction and operation of
a tramway along the street for the transportation of material excavated
from a subway, an injunction restraining the construction and operation
of the tramway pending trial of an action by the abutting owners is
proper.
    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 750,
751; Dec. Dig. § 292.*]

3. EMINENT DOMAIN (§ 306*)—IMPROPER USE OF HIGHWAYS—INJUNCTION.
    The court, in a suit by abutting owners, owning the fee of a street,
based on the construction and operation of a tramway along the street
for the transportation of material excavated from a subway along an-
other street, will determine whether to award to the owners injunctive
relief absolutely or conditionally on the failure to indemnify them against
the resulting damages.
    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 744–
749; Dec. Dig. § 306.*]

Appeal from Special Term, Kings County.

Action by Harry L. Bradley and others against the Degnon Con-
tracting Company and another. From an order of the Special Term
(80 Misc. Rep. 90, 140 N. Y. Supp. 825), granting a temporary in-
junction, defendants appeal. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and
RICH, JJ.

H. Aaron, of New York City, for appellants.

Xenophon P. Huddy, of New York City, for respondents.

George S. Coleman, of New York City (Howard A. Butler, of New
York City, on the brief), for Public Service Commission of First Dis-
trict.

CARR, J. The city of New York, through the Public Service Com-
mission of the First District, is constructing a subway along Fourth
avenue in the borough of Brooklyn. The work is being done pursuant
to a contract between the Public Service Commission and the defend-
ant Degnon Contracting Company. This company has in turn sub-
contracted a portion of the work to the defendant Carpenter & Box-
ley & Herrick, Incorporated. The contract in question provides that,
if the city of New York should require any of the excavated material
for purposes of its own, it will become the duty of the contractor to
deliver such excavated material to said city of New York, provided
the cost of said delivery shall not be greater than the expense thereof
to the contractor at the time the demand is made upon him or it by
the city for such material. It happens that the city of New York has
constructed a sea wall along the New York Bay front of the Shore
Road in the borough of Brooklyn, and is desirous of filling in be-
tween the present boundary of the Shore Road and the sea wall, which
runs along the bulkhead line for about a mile. It has therefore made
demand for delivery to it, at the Shore Road, of clean earth filling to
the extent of 500,000 cubic yards, measured in place. For the purpose

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of delivering this material to the city of New York; the contractors have made application to the Public Service Commission for permission to construct a tramway from Fourth avenue, at Seventy-Ninth street, along Seventy-Ninth street, to the Shore Road, a distance of about half a mile. The Public Service Commission has granted this permission, and the contractors have begun to lay along Seventy-Ninth street a track for the operation of the tramway. This track is about 3 feet in width, and is composed of steel or iron rails, laid on ties imbedded in the surface of the highway. For a part of the distance it is laid on the northerly sidewalk of Seventy-Ninth street, then its course runs into the middle of the roadbed of the said street for a block or more, and then it curves to the southerly side of the street and runs along partly on the sidewalk and in the gutter. As it is laid on the northerly sidewalk of Seventy-Ninth street, it is about 15 feet distant from the windows of some of the abutting houses. According to the motion papers, it is contemplated to use this tramway day and night for a period of 18 months or 2 years. It will be used by sending trains of dump cars, filled with earth, down from Seventy-Ninth street and Fourth avenue to the Shore Road. These trains will descend by their own gravity, and will be hauled back empty by steam locomotives.

This action has been brought by a number of abutting owners on Seventy-Ninth street, whose properties front on both the north and south sides of said street, and who allege that they own the fee of the street, to procure an injunction against the laying and use of said tramway. The defendants urge that they have a lawful right to lay and use this tramway, under the authority of section 33 of the Rapid Transit Act as amended by chapter 498 of the Laws of 1909. The material portions of said section which relate to this particular question are in language as follows:

"For the purpose of facilitating construction, and to diminish the period of occupancy of any street for the transportation of material, any contractor acting under a contract made in pursuance of this act, or of any act supplementary hereto or amendatory hereof, may with the approval of the Public Service Commission, lay upon or over the surface of any street, temporary tramways, to be used only for the removal of excavated materials or the transportation of materials for use in the construction: Provided, however, that any such tramway shall be forthwith removed upon the direction of the Public Service Commission; and provided, further, that this provision shall not be construed to authorize the construction or operation of any street railroad or to grant to any corporation, association or individual the right to lay down railroad tracks."

It appears that Seventy-Ninth street runs east and west, and is the only wholly opened street from Fourth avenue to the Bay front in that immediate neighborhood. It was originally opened as a public highway in the town of New Utrecht. The proceedings relative to the opening are returned in the record on appeal as part of the answering affidavits of defendants. The town of New Utrecht did not take an absolute fee in the land so opened for a public highway, but simply the ordinary public street or highway easement. Washington Cemetery v. Prospect Park & C. I. R. R. Co., 68 N. Y. 591.

[1] The question now arises whether or not it was in the power of the Legislature to give to the Public Service Commission power to

permit the use of such a tramway structure upon this highway, without affording compensation to the abutting owners, who own the fee of the street, and whose legal rights may be damaged by such use. Conceding that the Legislature has power, for a public purpose, to permit a temporary obstruction of a public highway, the question arises whether this particular situation is one covered by such a power. It seems to us that the use of Seventy-Ninth street contemplated by the operation of this particular tramway is not a highway use within the scope of the easement already acquired in said street by the public authorities. It is an additional burden upon the land, and, although it is not permanent in one sense, neither is it temporary. Bates v. Holbrook, 171 N. Y. 460, 64 N. E. 181.

[2] It is quite plain that the contemplated use of Seventy-Ninth street is very likely to result in serious damage to the owners of the property abutting thereon. We think the order of the Special Term granting the injunction should be sustained pending a trial of the action. Under section 9, subd. 2, of the Rapid Transit Act (Laws 1891, c. 4), as amended by chapter 498 of the Laws of 1909, this action may be brought on for trial on short notice at any term of the court in which it was tried. The action may be tried very early in May, and the whole question of the rights of the respective parties may be then and there finally adjudicated. The case will be preferred on appeal, and can be disposed of completely before the summer adjournments of the courts. No answer nor demurrer appears in the record on appeal, and, according to statement of counsel made on the oral argument, no pleading of either kind has been made as yet to the complaint.

[3] When the whole facts are before the court at Trial Term, the court may determine whether it will award injunctive relief absolutely, or conditionally, upon the failure of defendants to make such provision as it may direct for the indemnification of the plaintiffs against such damages as may follow. It is, of course, desirable that these great public works should be expedited in every way consistent with the protection of individual rights; but the fact that the public at large may be benefited will not justify the imposition of undue burdens upon a special locality and an invasion of the legal rights of individuals in such localities. Matter of Rapid Transit Com'rs, 197 N. Y. 81, 90 N. E. 456.

Order affirmed, with $10 costs and disbursements. All concur.